UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ENCARNITA ASUNCION,

Plaintiff,

-against-

LYNNE JACOBS and AVERY SCHEINER,

Defendants.
------------------------------------------------------------X



FIRST AMENDED
COMPLAINT AND
JURY DEMAND

No. 06 CV 13278 (NRB) (MHD)
ECF CASE

## PRELIMINARY STATEMENT

This is an action to obtain overtime premiums, unpaid wages and other compensation owed to Plaintiff Encarnita Asuncion by Lynne Jacobs and Avery Scheiner (together, "Defendants"), wife and husband, in accordance with federal and state law.

Ms. Asuncion worked for Defendants as a nanny, cook, housekeeper and personal assistant for nearly four years. During the entire period of her employment, Ms. Asuncion was required to be at the complete disposal of Defendants. Though Ms. Asuncion competently performed a wide variety of tasks for Defendants, they constantly chastised her while continuing to depend on her for management of their household. Ms. Asuncion was also required by Defendants to remain at their residence three nights per week, severely limiting her ability to enjoy her home and engage in her personal affairs. Furthermore, Ms. Asuncion was not given days off for sickness or personal leave.

Defendants subjected Ms. Asuncion to verbal and emotional abuse throughout her employment. Defendants constantly humiliated her and even physically assaulted her at times. When Ms. Asuncion defended herself, Defendants responded with threats to her physical safety

1

and job security. Ms. Asuncion grew fearful of Defendants as the threats and abuse intensified and she was forced to leave the employment in order to protect herself.

Defendants are highly trained doctors in the fields of dermatology and psychiatry; sophisticated employers who controlled and exploited Ms. Asuncion. Defendants ultimately made Ms. Asuncion feel dehumanized, denied her reasonable compensation and deprived her of her basic human dignity. She now seeks compensation for the harms caused to her by Defendants.

## JURISDICTION AND VENUE

1. Jurisdiction is conferred on this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Ms. Asuncion's state law claims pursuant to 28 U.S.C. § 1367(a).

2. Venue is proper pursuant to 28 U.S.C. § 1391(b), as the events or omissions giving rise to this action occurred within this district and Defendants are located in and reside in this district.

## PARTIES

3. Plaintiff Encarnita Asuncion was employed by Lynne Jacobs and Avery Scheiner, wife and husband, (together, "Defendants") from approximately December 23, 2000 to August 12, 2004.

4. Defendants' household consists of four people. They have two children, Andrew Scheiner and Catherine Scheiner, who were ages eight and nine when Ms. Asuncion began her employment in 2000.

5. Defendants were Ms. Asuncion's employers under the Fair Labor Standards Act and New York Labor Law at all relevant times.

6. Ms. Asuncion worked for Defendants at their residence located at 983 Park Avenue, Apt. 5A, New York, New York.

7. At all relevant times, Defendants had power and control over hiring, firing, rates and methods of payment, work schedules, and terms and conditions of employment relating to Ms. Asuncion.

## STATEMENT OF FACTS

8. Defendants employed Ms. Asuncion as a nanny, housekeeper, cook and personal assistant for approximately four years.

9. In or around early December 2000, Defendants interviewed Ms. Asuncion for employment in their household.

10. Defendants required Ms. Asuncion to work a trial period of one weekend in or around late December 2000 to evaluate her work skills.

11. After Ms. Asuncion successfully completed the trial period, Defendants hired Ms. Asuncion for permanent employment in or around late December 2000.

12. Defendants promised Ms. Asuncion that she would receive $500 per week after three months of employment.

13. Defendants paid Ms. Asuncion $450 per week throughout the course of her employment.

14. Ms. Asuncion generally worked during the weekdays, beginning Monday morning and ending Friday evening.

15. Defendants generally employed at least two other people in their household, mainly during the weekends.

16. On occasion, Defendants required Ms. Asuncion to work on weekends, beginning Friday evening and ending Sunday afternoon.

17. Ms. Asuncion had no choice in the schedule Defendants' imposed on her.

18. Defendants hired Ms. Asuncion to remain in Defendants' residence overnight for three nights per week.

19. The time Ms. Asuncion spent overnight was for the benefit of Defendants.

20. Defendants generally gave Ms. Asuncion limited or no notice as to which days of the week she was required to stay overnight.

21. Defendants did not give Ms. Asuncion keys to their residence.

22. Ms. Asuncion rarely, if ever, left Defendants' residence for her own purposes during employment hours.

23. At all relevant times, Ms. Asuncion maintained her own residence in New York City and generally kept her personal belongings at that address.

24. At Defendants' residence, Ms. Asuncion had no space reserved entirely for her private or personal use.

25. Ms. Asuncion stayed overnight in what Defendants referred to as the "maid's quarters."

26. Ms. Asuncion did not leave any significant personal items at Defendants' residence.

27. The only items Ms. Asuncion generally kept at Defendants' residence were two sets of work clothes, one set of pajamas, and basic toiletries in the bathroom.

28. The room and bed Ms. Asuncion utilized in the maid's quarters was generally occupied by other domestic workers on Friday and Saturday nights.

29. Ms. Asuncion did not have exclusive use of a bathroom because it was used by all the other people that came to work in Defendants' residence, including but not limited to: painters, construction workers, window washers, or maintenance people.

30. Ms. Asuncion generally did not use any of her employment time, including the evenings she was required to stay overnight, for her own purposes.

31. Defendants routinely began each work day assigning a list of duties to Ms. Asuncion.

32. Routinely and over Ms. Asuncion's objections, Defendants aggressively repeated Ms. Asuncion's duties while thrusting a pen into Ms. Asuncion's face.

33. On one occasion, Defendant Jacobs slapped Ms. Asuncion's face with the list of tasks and shoved the paper into her face.

34. On multiple occasions, Defendant Jacobs told Ms. Asuncion if she did not attend to her duties carefully, Defendants would ruin the rest of her life.

35. Throughout her employment, Defendants subjected Ms. Asuncion to ongoing harassment and condemnation.

36. Defendants closely supervised and routinely called Ms. Asuncion on her cellular phone and Defendants' residential phone line multiple times throughout the work day.

37. Defendants regularly berated Ms. Asuncion using words such as "stupid," "idiot," and "moron."

38. Ms. Asuncion was responsible for caring for Defendants' two children. Her duties included, but were not limited to: escorting them to and from their appointments and play dates, overseeing their activities, providing companionship, cooking and buying snacks, and assisting them with bathing and other needs.

39. Ms. Asuncion was generally responsible for escorting Defendants' son to and from school.

40. Ms. Asuncion was generally responsible for escorting Defendants' son to and from extracurricular activities, including but not limited to: soccer, tennis, and basketball practices.

41. Ms. Asuncion was generally responsible for escorting Defendants' daughter to and from extracurricular activities, including but not limited to: soccer practices and dance lessons.

42. Defendants' residence included three bedrooms, a dining room, a living room, a kitchen, a laundry area, five bathrooms, the maid's quarters, and hallways.

43. Ms. Asuncion was required to clean and maintain Defendants' entire residence. Her general housekeeping duties included, but were not limited to: mopping and vacuuming floors, dusting, polishing furniture, cleaning the bathrooms, changing bed sheets and making beds, sorting clothing and other articles, doing the laundry, ironing and folding dried items.

44. Ms. Asuncion was generally responsible for preparing and serving meals in the home. Her duties included, but were not limited to: preparing and cooking meals, packing meals and snacks, setting, clearing, and wiping down the dining table, and washing the dishes.

45. Ms. Asuncion was generally responsible for setting the breakfast table for Defendants' family each morning and preparing hot breakfast items upon request.

46. Defendants generally required Ms. Asuncion to cook different meals for individual family members and serve them at different times throughout the evening.

47. Each day, Ms. Asuncion was responsible for performing various errands for Defendants, including but not limited to: purchasing or ordering groceries and household supplies to keep the kitchen stocked, making deliveries to the post office, going to the gourmet coffee shop, going to repair shops, shopping at retail stores, and going to Defendants' offices.

48. Ms. Asuncion was required to answer the telephone and the door and take detailed messages from callers.

49. Several times a month, Defendants required Ms. Asuncion to perform duties in the evening hours until approximately 11:00 pm.

50. Defendants required Ms. Asuncion to perform duties until approximately 11:00 pm without advanced notice and on any given night.

51. Throughout her period of employment, Ms. Asuncion worked for Defendants in excess of forty hours per week.

52. Throughout her period of employment, Ms. Asuncion generally worked in excess of ten hours a day.

53. Ms. Asuncion was required to be at Defendants' residence for approximately ninety-five hours per week for approximately ten months of each year, from on or around January through June and from on or around September through December.

54. Ms. Asuncion was required to be at Defendants' residence for approximately forty-eight hours per week in or around July of each year.

55. Ms. Asuncion was required to be at Defendants' vacation home in the Hamptons for approximately 108 hours per week for approximately two weeks in or around mid-August of each year.

56. Defendants failed to provide Ms. Asuncion her wages for the final pay period of her employment.

57. Defendants had Ms. Asuncion's mailing address and telephone number.

58. Ms. Asuncion generally did not have a meal period.

59. Defendants generally did not provide Ms. Asuncion with meals during her period of employment.

60. Out of nearly four years of employment, Ms. Asuncion only missed approximately one day of work, when she was extremely ill and there was a severe snowstorm that hindered public transportation.

61. Approximately two times a year, Defendants had parties in their home. On those occasions, Defendants required Ms. Asuncion to cater the party, serve the guests, and clean the apartment afterwards. On those nights, Ms. Asuncion was generally required to perform duties up until approximately 12:30 am.

62. Defendants routinely threatened Ms. Asuncion, making her nervous and fearful.

63. Frequently, Defendants made baseless threats to contact the authorities, including the police, in order to scare and control Ms. Asuncion.

64. Ms. Asuncion attempted to quit her job on several occasions, but Defendants pressured her to stay.

65. Throughout Ms. Asuncion's approximately four years of employment, Defendants' threats escalated beyond verbal attacks to physical intimidation.

66. On or about August 12, 2004, Defendant Jacobs physically assaulted Ms. Asuncion.

67. As a result of the physical assault, on or about August 12, 2004, Ms. Asuncion fled from Defendants and terminated her employment with them because she feared escalating physical abuse.

68. Upon information and belief, Defendants failed to keep, maintain, and preserve records of Ms. Asuncion's employment as required by federal and state labor law.

69. Upon information and belief, Defendants' failure to pay Ms. Asuncion the statutorily mandated overtime premiums was done willfully, knowingly, and intentionally.

70. Upon information and belief, Defendants' failure to pay Ms. Asuncion the statutorily mandated minimum wage was done willfully, knowingly, and intentionally.

71. Ms. Asuncion performed these services in good faith and with the expectation of compensation thereof.

72. Ms. Asuncion did not receive a wage commensurate with the reasonable value of her work.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### FEDERAL MINIMUM WAGE VIOLATIONS

73. Ms. Asuncion realleges and incorporates by reference paragraphs 1 through 72 above.

74. Defendants willfully, knowingly and intentionally failed to pay Ms. Asuncion the federal minimum wage, in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq.

75. Ms. Asuncion is entitled to an award of damages for unpaid minimum wages in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
### FEDERAL OVERTIME VIOLATIONS

76. Ms. Asuncion realleges and incorporates by reference paragraphs 1 through 75 above.

77. Defendants willfully, knowingly and intentionally failed to pay Ms. Asuncion the federal overtime premium of one-and-one half times the regular rate of pay for each hour worked in excess of forty hours per week, in violation of the Fair Labor Standards Act overtime provision, 29 U.S.C. §§207(a)(1) et seq.

78. Ms. Asuncion is entitled to an award of damages for unpaid overtime premiums in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
## FEDERAL LIQUIDATED DAMAGES

79. Ms. Asuncion realleges and incorporates by reference paragraphs 1 through 78 above.

80. Defendants willfully, knowingly and intentionally failed to pay Ms. Asuncion the overtime premiums and unpaid minimum wages for all hours worked in excess of forty hours per week, in violation of 29 U.S.C. §§ 201, et seq. and supporting regulations and orders of the U.S. Department of Labor.

81. Ms. Asuncion is entitled to an award of liquidated damages in an amount equal to the unpaid minimum wages and overtime premiums in amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
## NEW YORK STATE MINIMUM WAGE VIOLATIONS

82. Ms. Asuncion realleges and incorporates by reference paragraphs 1 through 81 above.

83. Defendants failed to pay Ms. Asuncion the New York State minimum wage in violation of New York Labor Law §§ 190 et seq. and §§ 650 et seq. and supporting regulations and orders of the New York Department of Labor.

84. Ms. Asuncion is entitled to an award of damages for unpaid minimum wages, plus interest, in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
## NEW YORK STATE OVERTIME VIOLATIONS

85. Ms. Asuncion realleges and incorporates by reference paragraphs 1 through 84 above.

86. Defendants failed to pay Ms. Asuncion overtime premiums for all hours worked in excess of forty hours per week, in violation of New York State Labor Law §§ 190 et seq. and §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor.

87. Ms. Asuncion is entitled to an award of damages for unpaid overtime premiums, plus interest, in an amount to be determined at trial.

### SIXTH CLAIM FOR RELIEF
### NEW YORK STATE "SPREAD OF HOURS" WAGES

88. Ms. Asuncion realleges and incorporates by reference paragraphs 1 through 87 above.

89. Defendants failed to pay Ms. Asuncion an extra hour's pay at minimum wage for every day that Ms. Asuncion worked in excess of ten hours, in violation of New York State Labor Law §§ 190, et seq. and §§650, et seq. and supporting regulations and orders of the New York State Department of Labor.

90. Ms. Asuncion is entitled to an award of damages from Defendants for unpaid "spread of hours" wages in an amount to be determined at trial.

### SEVENTH CLAIM FOR RELIEF
### NEW YORK STATE LIQUIDATED DAMAGES

91. Ms. Asuncion realleges and incorporates by reference paragraphs 1 through 90 above.

92. Defendants willfully violated New York State Labor Law §§ 190 et seq. and §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor in failing to pay Ms. Asuncion the unpaid minimum wages, overtime premiums for hours worked in excess of forty hours per week, and spread of hours payment for days worked in excess of ten hours a day.

93. Ms. Asuncion is entitled to an award of liquidated damages equal to twenty-five percent of the unpaid minimum wages and overtime premiums in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF
## UNJUST ENRICHMENT

94. Ms. Asuncion realleges and incorporates by reference paragraphs 1 through 93 above.

95. Defendants were unjustly enriched by services performed and actions undertaken by Ms. Asuncion.

96. The circumstances between Ms. Asuncion and Defendants are such that equity and good conscience require Defendants to make restitution.

97. Ms. Asuncion is entitled to compensatory damages with interest, in an amount to be determined at trial.

## NINTH CLAIM FOR RELIEF
## QUANTUM MERUIT

98. Ms. Asuncion realleges and incorporates by reference paragraphs 1 through 97 above.

99. Ms. Asuncion performed services for Defendants with a reasonable expectation of compensation.

100. By their actions stated above, Defendants wrongfully failed to pay Ms. Asuncion the reasonable value of the services she performed for Defendants.

101. Ms. Asuncion is entitled to compensatory damages with interest, in an amount to be determined at trial.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

PRAYER FOR RELIEF

WHEREFORE, Ms. Asuncion respectfully requests that this Court:

a) Award compensatory damages to Ms. Asuncion for unpaid minimum wages pursuant to 29 U.S.C. §§ 201 et seq. and New York State Labor Law §§ 190 et seq. and §§ 650 et seq., in an amount to be determined at trial;

b) Award compensatory damages to Ms. Asuncion for unpaid "spread of hours" wages pursuant to New York Labor Law §§ 190 et seq. and §§ 650 et seq. and New York State Department of Labor Regulations § 137-1.7, in an amount to be determined at trial;

c) Award compensatory damages to Ms. Asuncion for unpaid overtime premiums pursuant to 29 U.S.C. §§ 201 et seq. and New York State Labor Law §§ 190 et seq. and §§ 650 et seq., in an amount to be determined at trial;

d) Award liquidated damages to Ms. Asuncion pursuant to 29 U.S.C. §§ 201 et seq. and supporting regulations and orders of the U.S. Department of Labor, and New York State Labor Law §§ 190 et seq. and §§ 650 et seq. and supporting regulations and orders of the New York State Department of Labor, in an amount to be determined at trial;

e) Award compensatory damages with interest to Ms. Asuncion for violations of New York common law regarding unjust enrichment and quantum meruit, in an amount to be determined at trial;

f) Award Ms. Asuncion attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and New York State Labor Law § 663; and

g) Grant such additional and further relief as the Court deems just and proper.

Dated:   January 2, 2007
         New York, New York

Respectfully submitted,

By: _____
WASHINGTON SQUARE LEGAL SERVICES, INC.
Reena Arora, Legal Intern
Carlin Yuen, Legal Intern
Mayra Peters-Quintero, Esq. (MP1844)
245 Sullivan Street, 5th Floor
New York, NY 10012
(212) 998-6430

URBAN JUSTICE CENTER
Haeyoung Yoon, Esq. (HY8962)
666 Broadway, 10th Floor
New York, NY 10012
(646) 459-3003

Attorneys for Plaintiff Encarnita Asuncion